# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SETH PERLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV108 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OMAHA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's motion (#35) for a 180-day extension of all progression order deadlines due to the absence of a potential witness, Sgt. Bobby Polk, who is now stationed in Afghanistan. Sergeant Polk was the plaintiff's training officer.

In its response (#36), defendant objects to the length of the requested extension, advises that the witness' anticipated return date is February 2006, but notes that the return date could be extended. Defendant also advises that this witness "was just one of many training officers" who worked with the plaintiff while he was in the Omaha Police Academy, and the witness was not a decision maker within the City of Omaha and was not responsible for plaintiff's termination. The City's initial disclosures (#8), filed July 20, 2004, tend to reflect this information.

I note that the plaintiff has not scheduled or taken any depositions in this case and that the plaintiff was already been granted a 120-day extension of time "to assess the necessity of Sergeant Polk's deposition and to consider other options for proceeding with Plaintiff's action." (#33). Furthermore, the deposition deadline expired approximately 30 days before the pending motion was filed.

This case will not be continued indefinitely based on the absence of this particular witness. I find that a 60-day extension of the remaining progression order deadlines should be granted to resolve any outstanding discovery issues and to allow the filing of file motions for summary judgment.

**IT IS ORDERED** that plaintiff's motion (#35) is granted, in part, as follows:

1. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **September 1, 2005.**

2.  On or before **December 5, 2005**, each party shall designate (a) The portions of each deposition, designated by page and line, that it intends to offer and (b) each discovery response of another party it intends to offer.  Such designations and any objections thereto shall also be included in the final pretrial conference order.

3.  On or before **December 5, 2005** the parties shall serve  lists of all exhibits the party expects to offer by providing a numbered listing and permitting examination of such exhibits.  The parties shall also designate on the list those exhibits it may offer only if the need arises.

4.  *Motions in Limine*.   All motions in limine, including *Daubert* motions, shall be filed on or before **December 5, 2005**.

5.  All  motions for summary judgment shall be filed on or before **September 15, 2005.**

6.  The Final Pretrial Conference with the undersigned magistrate is continued to **December 19, 2005 at 9:00 a.m.**, in chambers, Suite 2210, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

7.  A Jury trial is set to commence at **8:30 a.m. on January 17, 2006**, in Omaha, Nebraska, before the Honorable Laurie Smith Camp.

8.  On or before **December 5, 2005**, the parties are to provide a status report regarding settlement negotiation.  The report shall be in the form of a letter to the court from the plaintiff on behalf of all of the parties.

**DATED August 23, 2005.**

                         **BY THE COURT:**

                         **s/ F.A. Gossett**
                         **United States Magistrate Judge**