# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SETH PERLMAN**, | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| v. | ) | 8:04CV108 |
| | ) | |
| **CITY OF OMAHA**, | ) | |
| | ) | |
| **Defendant.** | ) | |

This is an action by Seth Perlman for relief following his termination from employment as a police officer recruit by Defendant, City of Omaha. (Docket 11, paragraph 17; Docket 15, paragraph 1.) By agreement of the parties, a jury trial in the matter was waived and the case was tried to the bench before Ralph R. Erickson, District Judge. (Docket 73, 74.) Perlman also agreed to dismiss count 5 of his Complaint on the record. Remaining for trial are his claims of lack of due process in his termination and wrongful termination for a perceived disability. The Court has reviewed the real time transcript of the proceedings, all received exhibits, the legal arguments and briefs of the parties and being fully advised in the premises of the case makes the following Findings of Fact, Conclusions of Law and Order for Judgment.

## SUMMARY OF THE HOLDING

Plaintiff Seth Perlman was a probationary employee at the time of his termination, thus lacking a property interest in his continued employment with Defendant, City of Omaha. Furthermore, he was terminated only after the Police Chief learned he did not, in fact, have asthma and thus he was not perceived as someone with a disability under the Americans with Disabilities Act.

1

**FINDINGS OF FACT**

1. Perlman is a resident of the Sate of Nebraska. (Docket 11, paragraph 4; Docket 17 paragraph 1.)

2. The Omaha Police Department is operated and governed by the Defendant City of Omaha. Docket 11, paragraph 5; Docket 17 paragraph 1.)

3. Perlman was hired as a police recruit officer by Defendant on November 26, 2001. (Docket 11, paragraph 16; Docket 17 paragraph 4.)

4. Defendant terminated Perlman's employment on February 6, 2002. (Docket 11, paragraph 17; Docket 17, paragraph 1.)

5. Police officer recruits are subject to a collective bargaining agreement between Defendant and Local 101, the police officer's union. (Ex. 4.)

6. Article 11, section 1 of the agreement provides for a probationary period of two years actual employment. (Ex. 4.)

7. Article 11, section 3 provides that the Police Chief may remove an employee whose performance does not meet the required standards provided he reports the removal and reasons therefor in writing to the Personnel Director and the employee. (Ex. 4.)

8. Article 11, section 3 further provides that any employee removed during the first twelve months of the probationary period shall not be entitled to appeal the removal. (Ex. 4.)

9. Perlman was not notified of the reasons for his termination in writing or otherwise at the time of his termination. (Lt. Muldoon Test. p. 103, ln. 18.)

10. The medical evidence is undisputed that Perlman, from a medical standpoint, was fit for

2

duty as of February 5, 2002 and did not in fact suffer from asthma. (Exs. 28 & 35.)

11. After learning that Perlman did not suffer from asthma, Donald L. Carey, Police Chief at the time of Perlman's termination, ordered his removal. (Carey Test. p. 26, ln. 11.) The decision was Chief Carey's alone.

12. Chief Carey's articulated reason for terminating Perlman was, that upon learning that there was no asthma that limited Perlman's performance, Carey was concerned with Perlman's veracity and thought Perlman was making excuses for his poor running performance with a non-existent disability. (Carey Test. p. 26, ln. 11-15.)

13. Perlman had had two gun-related safety write-ups, first for failing to secure his sidearm in a locker accessible to the public, and second for failing to insert a "bullet blocker" in his sidearm during a training exercise. (Exs. 30; 37; Lt. William J. Muldoon Test. p. 83, ln. 6.) Standing alone, these were not the basis of the decision to terminate Perlman.

## **CONCLUSIONS OF LAW**

1. Jurisdiction over the parties and the subject matter is proper because the complaint alleges a deprivation of Perlman's rights under the Fourteenth amendment to the United States Constitution, 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12001, giving rise to original jurisdiction under 28 U.S.C. § 1331 for civil matters arising under the laws of the United States.

2. This case was properly removed to this court under 28 U.S.C. § 1441.

3. Perlman's employment relationship with Defendant was governed by the collective bargaining agreement between the City of Omaha and local 101 of the Omaha Police Union.

4. That agreement created two groups of police officers, probationary and non-probationary,

3

depending on whether an employee had served two years of actual employment.

5. Probationary employees may be removed by the Police Chief during the two-year probationary period and are not entitled to have the removal reviewed by an arbitrator or the personnel board.

6. Perlman was removed during the probationary period.

7. Because Perlman has no right to review that removal he does not have a property interest in his continued employment with Defendant.

8. Perlman is not disabled within the meaning of the ADA, since the medical evidence is undisputed that he does not suffer from asthma or any other disabling condition.

9. Perlman was not perceived as disabled by Chief Carey, the decision maker in his termination, because Chief Carey did not terminate Carey until he learned he did not have a medical condition.

## **ANALYSIS**

Under the collective bargaining agreement between the City of Omaha and the Police Union, police recruits are probationary employees for a period of two years. Many other city employees are probationary for only one year but, as Thomas Marfisi articulated, the more complicated decision making in the duties of a police officer led the Union and the City to bargain for a longer period for police officers. (Tr. p. 149, ln 23.) It is well settled in this circuit that "[p]robationary employees lack a property interest in continued employment entitling them to procedural due process under the Fourteenth Amendment." Sommers v. City of Minneapolis, 245 F.3d 782, 784 (8th Cir. 2001). In Sommers, as in the case before the Court, the employee was not entitled to the arbitration or

grievance protection of the collective bargaining agreement because he had not served the twelve months under the agreement. Id. at 785. "Whether an employee may be terminated without cause is a mandatory subject of collective bargaining." Id. at 787. Thus the fact that Perlman was given no explanation for his termination is not relevant because he had no right to any process under the agreement. Without a right to a grievance procedure under the agreement he had no property right in continued employment once the Chief terminated him.

Plaintiff argues that the phrase "the Police Chief may remove an employee whose performance does not meet the required standards . . . ." at section 3 of the agreement pertaining to probationary employees amounts to a good cause provision, which grants him a property interest. Under the Due Process Clause, a public employee has a property interest if he can be discharged "only for cause." Gilbert v. Homar, 520 U.S. 924, 928-29 (1997). In this case, the agreement states that one of the reasons the Police Chief may terminate a probationary employee is if that employee's performance does not meet the required standards. However, the agreement does not limit the decision to terminate to this standard. Since a probationary employee may be discharged for reasons other than "for cause," Perlman did not have a property interest in his employment. Id.

For the same reason, Perlman's claim under the municipal code fails. During the probationary period, a department head "may remove an employee whose performance does not meet the required standards . . . ." Omaha, Neb., Municipal Code § 23-274. Like the collective bargaining agreement, this phrase provides one reason for termination, but the department head is not limited to this standard. The municipal code does not provide a property interest to probationary employees. Gilbert, 520 U.S. at 928-29 (stating that a property interest is created when a public

employee can be discharged only for cause). Since Perlman did not have a property interest under city law, his procedural due process rights were not violated. <u>Somers</u>, 245 F.3d at 785.

Similarly, his ADA claim fails on the facts. It is undisputed that Perlman did not have asthma. No evidence was presented as to any other disability that would justify relief under the ADA. Perlman contends that he was discriminated against based on a perceived disability. (Docket 11.) In order for a plaintiff to meet the showing of being perceived as disabled he must show that the decision maker perceives the plaintiff as having an impairment that substantially limits a major life activity. <u>Weber v. Strippit, Inc.</u> 186 F.3d 907, 915 (8th Cir. 1999). Only after Chief Carey learned that Perlman <u>did</u> <u>not</u> have asthma did he terminate him, concluding that he was using a claim of disability to excuse poor performance on his physical performance tests. Thus this claim fails because Chief Carey regarded Perlman as lacking in veracity, not disabled.

## ORDER FOR JUDGMENT

**IT IS HEREBY ORDERED:**

Plaintiff's Amended Petition is hereby in all things **DENIED**. Costs and disbursements as allowed by law are awarded to Defendant, City of Omaha.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**DATED this 5th day of July 2006**.

_____
Ralph R. Erickson, District Judge
United States District Court